UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| THE EWING GROUP, INC., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:09-CV-130 |
| | ) | | (VARLAN/GUYTON) |
| DELTACOM, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION**

This civil action is before the Court on plaintiff The Ewing Group's ("Ewing's") Motion for Remand [Doc. 5], in which Ewing requests that the Court remand this case to the Chancery Court for Blount County, Tennessee. In support, Ewing states that because it is clear that the amount in controversy in this case is well below and will not exceed $75,000, this case does not meet the jurisdictional requirements required for removal. Defendant Deltacom, Inc. ("Deltacom") filed a response in opposition, arguing that unless and until Ewing disclaims damages sought in excess of $75,000 by a proper stipulation, this Court should retain jurisdiction [Doc. 7]. Ewing did not file a reply, but filed an amendment to its Motion for Remand with an attached affidavit stipulating that "plaintiff does not and will not seek or accept damages of any kind where the totality of all such damages equals or exceeds the sum of $75,000." [Doc. 8]. In light of Ewing's stipulation, and for good cause shown, the Court will grant Ewing's Motion for Remand [Doc. 5].

**I.      Background**

Ewing filed suit against Deltacom in the Chancery Court for Blount County, Tennessee, on February 9, 2009. In the complaint, Ewing alleged claims for breach of contract, seeking declaratory relief, and claims for violations of the Tennessee Consumer Protection Act, TENN. CODE ANN. §§ 47-18-101 *et seq.*, seeking treble damages, costs, and attorneys' fees. On March 26, 2009, Deltacom properly removed to this Court, basing such removal on this Court's original jurisdiction over cases in which the parties are citizens of different states and the amount in controversy more than likely exceeds the sum of $75,000 [Doc. 1]. *See* 28 U.S.C. § 1332(a) (diversity jurisdiction statute).

**II.    Analysis**

On April 22, 2009, Ewing filed its Motion for Remand [Doc. 5], arguing that because it can "state unequivocally that the amount in controversy in this case, even subject to treble amounts, will not reach $75,000.00," this case does not meet the jurisdictional requirements for removal and should therefore be remanded. Deltacom responded that because Ewing's Motion for Remand only addressed compensatory damages, not the totality of the damages requested in Ewing's complaint, removal would be improper as subject matter jurisdiction still exists.

Removal jurisdiction is predicated on a court's original subject matter jurisdiction. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants . . . ."). Moreover, 28 U.S.C. § 1447(c) requires courts to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §

1447(c). This requirement applies even if a case was properly removed and the court had jurisdiction at the time of removal. *Powerex v. Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007) (abrogating *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000)); *see Roberts v. A & S Building Sys., L.P.*, No. 3:07-cv-413, 2008 WL 220627, at *3 (E.D. Tenn. Jan 25, 2008).

This case was properly removed by Deltacom based on subject matter jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1), and Deltacom's assertion that the amount in controversy for Ewing's claims "more likely than not," exceeds $75,000 [*See* Doc. 1]. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007) (stating that the amount in controversy should be determined from the plaintiff's perspective, as determined from the relief sought in the plaintiff's complaint). Ewing then moved for remand having stipulated that it would not seek in excess of $75,000 in damages. However, in this stipulation, Ewing neglected to address all aspects of the damages it sought in its complaint. Ewing subsequently filed an amendment, stipulating that it would not seek or accept damages of any kind where the totality of all such damages equals or exceeds $75,000.

Thus, by the amendment, Ewing has clarified its prior stipulation to address all aspects of the damages it sought in its complaint. Accordingly, the Court finds that because Ewing has stipulated that it will not seek equal to or above $75,000 for the totality of its damages, this Court no longer has subject matter jurisdiction predicated on diversity jurisdiction under

28 U.S.C. § 1332(a).[1]  Accordingly, because no subject matter jurisdiction now exists, and despite this Court having had jurisdiction at the time of removal, this case shall be remanded.

## III. Conclusion

For the reasons stated herein, this Court no longer has subject matter jurisdiction over this case.  Accordingly, Ewing's Motion for Remand [Doc. 5] will be **GRANTED** pursuant to 28 U.S.C. § 1447(c) and this case will be **DISMISSED**, and remanded to the Chancery Court of Blount County, Tennessee for further disposition.

AN APPROPRIATE ORDER WILL BE ENTERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] There is no federal question jurisdiction presented in this case and so the Court never had subject jurisdiction based on 38 U.S.C. § 1331, the statute conferring subject matter jurisdiction because of the existence of a federal question.